# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

| | | |
|---|---|---|
| TEAIRA MAYERS | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 3:23-cv-00181-JJV |
| | * | |
| MARTIN O'MALLEY, | * | |
| Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER

Teaira Mayers, Plaintiff, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claims for disability insurance benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded she had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers she could perform despite her impairments. (Tr. 10-25.) Both parties have submitted briefs and the case is ready for a decision.

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported

an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Ms. Mayers is very young. She was only twenty-seven years old at the time of the administrative hearing. (Tr. 46.) She testified she is a high school graduate and attended cosmetology school and some college. (Tr. 47.) She has no past relevant work. (Tr. 24.)

The ALJ[1] found Ms. Mayers had not engaged in substantial gainful activity since January 6, 2016 – the alleged onset date. (Tr. 13.) She has "severe" impairments in the form of "lumbar disc disease, obesity, depression, anxiety, and PTSD." (*Id.*) The ALJ further found Ms. Mayers did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 15-16.)

The ALJ determined Ms. Mayers had the residual functional capacity to perform a reduced range of light work given her impairments. (Tr. 16.) Since Ms. Mayers had no past relevant work, the ALJ used the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments. (Tr. 67-72.) Based in part on the testimony of the vocational

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

expert, the ALJ determined that she could perform the jobs of cashier, retail sales attendant, and routing clerk – despite her limitations. (Tr. 25.) Accordingly, the ALJ determined Ms. Mayers was not disabled. (*Id.*)

The Appeals Council denied a request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-5.) Ms. Mayers filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Plaintiff argues the ALJ erred in concluding her migraine headaches were not a "severe" impairment. (Doc. No. 13 at 11-15.) Plaintiff argues:

> Medical records from the Baptist Memorial Hospital show that Plaintiff received emergency care for migraine headaches on September 29, 2017 (Tr. 1315-1317). On that day, Plaintiff presented with a chief complaint of headache with associated symptoms of dizziness, nausea, and vomiting (Tr. 1315-1317). Similarly, the ALJ's assertion that outside the spring of 2020, the claimant did not have regular treatment with a neurology specialist is misleading because the ALJ seems to have overlooked records which contain many instances of regular treatment for migraines. For instance, Plaintiff establishing care with a primary care physician at ARcare on October 2, 2019 and was evaluated for constant migraines (Tr. 2145). At this evaluation, Plaintiff described her headaches as sharp, stabbing, throbbing, pounding, lasting for one to three days, occurring on "one entire side", worse when standing or sitting up and associated with light and noise sensitivity (Tr. 2145). Plaintiff was also seen for migraine treatment at ARcare on November 6, 2019, where she discussed her chronic migraines and reported having constant migraines despite taking Topamax (Tr. 1473, 1475). On September 7, 2019, Plaintiff was seen by Dr. William Warren Henry Jr., and was diagnosed with migraines. (Tr. 1499). On October 31, 2019, and March 4, 2020, Dr. Ali Haydar at St. Bernards Gastroenterology noted migraines as an "active problem"(Tr. 1561, 1556). Dr. Haydar treated the Plaintiff for migraine headaches on March 9, 2020. (Tr. 1616). Dr. Haydar also noted migraines as an active problem on February 26, 2021. (Tr. 2345). On April 21, 2020, the Plaintiff was treated by Dr. Charles Cooper Dunn and stated she was "using Topamax for migraines" (Tr. 1596). The ALJ fails to mention any of this treatment, prescription medication, or resulting limitations arising from the migraine headache condition. (Tr. 13). These records show that Plaintiff's migraines were chronic and caused significant symptoms despite compliance with prescribed medication.

(*Id.* at 13-14.)

On this point, the ALJ concluded:

3

> Claimant has a number of non-severe impairments that do not more than minimally limit the ability to perform basic work activities. Claimant testified to having migraine headaches 2 to 3 times per week. She reported that she remains inactive when migraines occur, having to stay in a dark, quiet room. Claimant's friends and family offered 3rd party statements detailing similar issues from migraines (see 10E; 13E; 14E; 15E). The record does not show that the claimant required any regular urgent or emergency care for migraine headaches outside an instance in January of 2017 where she was off her medication and experienced improvement with IV drugs, leaving the same day as arrival (3F/101-03). Outside the spring of 2020, the claimant did not have regular treatment with a neurology specialist (see 13F/22-23). Examinations show that she was alert and oriented with normal gait, intact cranial nerves, normal strength, equal reflexes, no focal deficits, and no sensory deficits upon examination (see 4F/4; 8F/20-21; 13F/18, 22-23; 17F/24). She did not display regular issues dealing with noise upon examination and detailed a wide range of activities during the period at issue, such as boxing, taking college classes, caring for her children, and earning money doing hair (see 4E; 2F/82, 113; Hearing Testimony). As the record does not show that migraine headaches more than minimally limit the claimant's ability to engage in work-related activities, the undersigned finds this condition non-severe. See SSR 19- 4p.

(Tr. 13.)

I have carefully reviewed the medical evidence that Plaintiff cites in support of her argument, and I find no basis to overturn the ALJ's finding. For example, while Plaintiff states she received emergency care for migraine headaches on September 29, 2017, the records reveal she was instead treated for an acute kidney infection. (Tr. 1315-1320.) And much of her support for headaches comes by way of her gastroenterologist reciting that headaches were one of several "active problems" in her medical history. (Tr. 1556, 1561.) Importantly, the record reveals that Topamax helped resolve her headaches, but Plaintiff was not compliant with taking her medication. (Tr. 1475, 2145.)

A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 416.920(c) (2007). It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d at

4

1396; *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

> (a) *Non-severe impairment(s).* An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b) *Basic work activities.* When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921 (2007).

Here the ALJ could correctly determine her headaches amounted to a non-severe impairment. While Plaintiff makes fair arguments, I find the ALJ's step-two decision to be supported by substantial evidence.

Plaintiff also argues that the ALJ improperly discounted the opinions of her treating physician, Kenneth Chan, M.D. (Doc. No. 13 at 15-20.) She says, "The ALJ erred as a matter of law by failing to adequately evaluate the supportability and consistency of Dr. Kenneth Chan's medical opinion dated December 11, 2020." (*Id.* at 18.)

Dr. Chan completed a Treating Physician's Migraine Headache Form whereby he indicated Plaintiff was extremely limited. (Tr. 2349-50.) If fully credited, Dr. Chan's opinions would likely mean that Plaintiff was disabled. However, the ALJ found Dr. Chan's opinion to be unsupported by the other evidence of record. The ALJ stated:

> The undersigned finds the opinion of Kenneth Chan, D.O., unpersuasive. Dr. Chan opined that the claimant will miss work more than one day of work per week due to her migraine headaches (16F). This opinion is not well-supported. It is offered

> on a checkbox mark form and details symptoms rather than clinical findings for support (see 16F). This opinion is not supported by Dr. Chan's own treatment notes showing that the claimant was alert and oriented with normal gait, intact cranial nerves, normal strength, equal reflexes, and no sensory deficits (see 8F/20-21;13F/22-23). This opinion is not consistent with the record as a whole, including the claimant's work activity during the period at issue (see 11D; 2F/148; Hearing Testimony), her ability to provide childcare (e.g., 4E/4), her ability to earn As attending college online (Hearing Testimony), her acknowledgement of boxing and dancing for exercise (2F/82, 113), and the medical evidence showing that the claimant had normal gait, intact cranial nerves, no focal deficits, normal neurological function (see 4F/4; 8F/6, 12; 13F/18; 17F/24).

(Tr. 18-19.)

After careful review, I find the ALJ's assessment of Dr. Chan's Headache Form to be supported by substantial evidence. The most compelling part of the ALJ's assessment is his conclusion that Dr. Chan's opinion is not supported by his own treatment records. Those records include examination notes stating she was oriented to person, place, and time; had no cranial nerve deficit; no sensory deficits; and normal mood, speech, and behavior (Tr. 1612, 2301-03.) And Dr. Chan's conclusion that Plaintiff's response to medications was poor is not supported by her own statements. (Tr. 1475, 2145.) Moreover, it appears Dr. Chan's Headache Form is based largely on Plaintiff's subjective symptoms rather than the objective medical evidence.

While I agree with Plaintiff that the ALJ's inclusion of gait and strength was illogical, (Doc. No. 13 at 19), the inclusion of this information has no significant impact here. The ALJ had good reasons to discount Dr. Chan's opinions. The ALJ fairly evaluated his opinions given the overall medical evidence.

Plaintiff is reminded she had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff simply failed to meet this burden.

Plaintiff has advanced other arguments which I find are without merit. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Plaintiff's counsel has done an admirable job advocating for her. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 24th day of April 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE